[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The allegations of the Complaint to this action are found to have been proven. Both of the parties have resided in the state of Connecticut for more than one year prior to the bringing of this action, and accordingly the court has jurisdiction over the parties. The parties were married on April 04, 1987. As a result of this marriage, there are four minor children. Those children are Michael Ralph Carabetta, born on April 4, 1988, Gary Lynn Carabetta, Jr., born March 20, 1990, Cory Kenneth Carabetta, born May 3, 1991, and Sonny Carabetta, born October 9, 1994. There are no other children issue of the marriage, and no other children have been born to the wife since the date of this marriage. Neither party has been a recipient of public assistance during the period of the marriage. It is found based upon the testimony of both parties, that the marriage has broken down irretrievably, and there is no reasonable prospect of reconciliation. Therefore, this court orders a dissolution of the marriage.
The Court has considered the statutory criteria for the granting of a dissolution of marriage, custody, visitation, child support, alimony, the division of assets and liabilities, and counsel fees. In light of that criteria, the Court makes the following findings: The plaintiff, Linda Carabetta, has testified that the parties met when they were both in high school and living in Meriden, CT. The plaintiff left high school after the 11th grade and went to work for a company called Carabetta Enterprises, which is owned by an uncle of the defendants. She worked at that company as a payroll clerk and dated the defendant in the interim period. She married the defendant in April of 1987 and had a child precisely one year later. Since that time, the plaintiffs time has been occupied primarily in the care and raising of the four boys that are issue of this marriage. At present, the plaintiff reports that she is 40 years old, in good CT Page 14488 health, and she has not furthered her education during the course of her marriage. She has worked during the marriage as a waitress, but is unable to continue to work in that capacity because of an injury to her wrist which she suffered as the result of a physical altercation she had with the defendant. Recently, she obtained training in a department store as a sales person in the perfume department. It is her hope that she will be able to earn approximately $14.00 per hour gross based upon this new employment situation. She will only be able to work on a part time basis.. Given her responsibilities at home, her probable need to obtain sitters for the children, and her past employment history, the court finds that her earning capacity is below $300.00 per week. The plaintiff was not possessed of any significant financial assets at the time the parties were married, and her primary contribution to the marriage has been in the raising and care of the children, including their sole care during extended periods of time when the defendant worked out of state.
The defendant husband is forty years old as well, and is in good health. He graduated from Maloney High School in Meriden in 1977 and since that time has been employed. His employment has been primarily in construction or construction related business. By and large, he has worked for the family business, Carabetta Enterprises, and subsidiary or related companies. He has worked in areas including maintenance, construction, and restoration, and has earned consistently $25.00 per hour. He has also owned a business which is known as Armor Paving and has supplemented his income by working both in snow plowing and paving. Prior to the marriage, the defendant had purchased a cottage in Westerly, Rhode Island for $55,000. He had also invested some $8,000.00 in IRAs and had put $23,000.00 towards the purchase of a Ferrari automobile. The cottage in Rhode Island, the IRAs, and the automobile are all listed on his financial affidavit with their present values. The evidence at the trial indicated that the actual value of the IRAs at the time of the trial was $39,416.86. The husband has testified that he refinanced the property in Rhode Island and with some cash that was realized from that transaction purchased a car for the plaintiff, and paid off the family's credit card debt at the time.
The wife's ability to acquire assets in the future will be limited. It will be limited by her education, her employment skills and experience, and most significantly by the fact that she will have to be the primary caretaker for the children of the CT Page 14489 marriage. The husband's ability to acquire future assets is substantially greater than the wife's. The testimony has shown that he has been consistently employed at a relatively substantial salary, that he has been able to develop other businesses, that he has been able to do "side jobs" and that he has been able to purchase equipment such as a bulldozer and repair and restore that equipment and sell it at a profit, and that he has been able to secure contracts from the state in order to do snow plowing. All of those factors indicate that his ability is substantially superior to hers. The court finds that the values provided for the major assets of the parties are substantially correct as stated on the financial affidavits. There was no substantial dispute as to the value of the Rhode Island property, however there was a question as to whether the recent improvements that had been made to the property, as testified to by the husband, have increased its value. Similarly, the liabilities set forth by the parties in their financial affidavits are essentially not in that dispute. There is a disagreement as to the salary and earning potential of the defendant husband in that the plaintiff points out that he has recently changed jobs on a voluntary basis and reduced his salary from $25.00 per hour to $21.00 per hour, however, the evidence clearly shows that his capacity is $25.00 per hour.
As previously stated, the husband testified that at the time of the refinancing of his Rhode Island property, the debts of the parties were paid down. The husband also stated that at the time that he left the marital home, he had reduced the credit card debt of the plaintiff substantially to the point that it was at or near zero.
Based upon the foregoing findings and upon the statutory criteria, the following is ordered: Custody of the minor children shall be granted to the plaintiff wife, subject to rights of reasonable visitation in the defendant husband. Those visitation rights shall include, but shall not be limited to alternating weekends from Friday at 5:00 p. m. to Sunday at 5:00 p. m. One weekday evening from 5:00 p. m. to 7:30 p. m. The parties shall alternate major holidays which shall include New Year's Day, Easter, Memorial Day, 4th of July, Labor Day, Thanksgiving, Christmas Eve and Christmas Day. Each party shall be entitled to take a one week vacation with the children, subject to 60 days prior notice to the other party. The parties are encouraged to arrange such other visitation as may be agreed upon between them. The defendant father is ordered to maintain medical and dental CT Page 14490 insurance for the benefit of the minor children as available through his employment, said order to be subject to the provisions of Connecticut General Statutes § 46b-84. Unreimbursed and uninsured medical expenses shall be paid pursuant to the provisions of 46b-215a-2A. The plaintiff wife is to pay the first $100.00 per year for each child for unreimbursed or uninsured medical expenses. Thereafter the plaintiff wife, shall pay 51% of those expenses and the defendant husband shall pay 49% of those expenses. The husband, shall pay child support in the amount of $320.00 per week to the plaintiff wife.
The husband shall pay as alimony the sum of $150.00 per week for a period of three years from the date of this judgment, and then $100.00 per week for an additional three years. The portion of the alimony order payable for the first three years shall be modified only upon the death of the plaintiff. That portion payable in the second three years shall be modified upon the death, remarriage or cohabitation of the plaintiff, or other good cause shown. This order shall not be modified as to term beyond the period of six years. This order is grounded in the language of Connecticut General Statute Sec. 46b-82, and the recognition that the plaintiff has surrendered her potential for vocational skills, acquisition of an estate for her later years and employability by virtue of this marriage, and the, obligation she undertakes to these children weighed against the desirability and practicality of her securing employment beyond the potential previously stated..
The husband shall convey all of his right, title and interest in the property known as 21 Long Meadow Drive, Meriden, Connecticut to the wife. The wife shall be responsible for the mortgage, taxes and maintenance arising from that property, except as outlined below, and shall hold the husband harmless from any and all of those debts and obligations. The husband shall transfer, the sum of $20,000 from the IRA/guardian account to his wife. The husband shall transfer the insurance policy listed on his financial affidavit with a cash value of $18,800.00. In the event that the cash value of that policy is not as stated, the husband shall pay to the wife a sum sufficient to bring the value to the stated sum of $18,000.00. The parties shall equally divide the tax refund currently in possession of the husband in the amount of $8,471.00.
The husband shall retain as his property, free from any claim or interest to the wife, that real estate known as 52 Winnapaug CT Page 14491 Road, Westerly Rhode Island. The husband shall hold the wife harmless from any debt, obligation or payment with regard to that property. The husband shall also retain his interest the Ferrari automobile, and his business and partnerships. The husband shall be obligated to maintain the life insurance policy listed on. his financial affidavit in the amount of $250,000 with the Old Republic Insurance Company. He is to name his children as irrevokable beneficiaries of that policy, and shall maintain that policy until the youngest child has reached the age of majority.
The defendant husband shall be responsible for the payment of the parties debt to the Ulster Bank which represents the real estate tax arrearage previously incurred by the parties on the marital home. That is in the approximate amount of $1,800.00. The parties shall each be responsible for one half of the debt owed to Hazel and Kenneth Bryans. The husband shall pay to the wife the sum of $728.50, on or before 30 days from the date of this decision. That sum represents the amount due for cable service and phone service pursuant to the original agreement and order of the court dated September 8, 1998, which order required the defendant to pay those expenses through August 31, 1998. That amount also includes a payment of one half of the bill due to Dr. Pravda by the defendant. The husband shall provide medical insurance coverage for the benefit of the wife pursuant to the provisions of COBRA, which coverage shall be at the husband's expense provided the monthly premium for such coverage attributable to the wife shall not exceed $100.00 per month. Any premium in excess of $100.00 per month shall be borne by the wife. Unless otherwise provided above, each party shall be solely responsible for the debts listed on their respective financial affidavits, and shall indemnify and hold the other harmless therefrom. The wife shall provide for the delivery of the stereo speakers to the husband as indicated to the court. Pursuant to her request, the wife's maiden name may be restored to her, and she shall hereafter be known as Linda S. Bryans. Each party shall be responsible for such counsel fees as they may have incurred in the process of this action.
Antonia C. Robaina Judge of the Superior Court